UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
CHRISTOPER STERDEN,

                    Plaintiff,

          -against-                    ORDER ADOPTING
                                       REPORT AND RECOMMENDATION
                                       06-CV-5938(JS)(ARL)
OFFICER LEVINE AND OFFICER
MCKENNA,

                    Defendants.
----------------------------------X
CHRISTOPER STERDEN,

                    Plaintiff,

          -against-                    ORDER ADOPTING
                                       REPORT AND RECOMMENDATION
                                       06-CV-6025(JS)(ARL)
OFFICER AQUILA,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Christopher Sterden, pro se
                    # 06004278
                    Loc. E1 A11
                    Nassau County Correctional Facility
                    100 Carman Ave.
                    East Meadow, NY 11554

For Defendants:     Andrew Reginald Scott, Esq.
                    Office of the Nassau County Attorney
                    1 West Street
                    Mineola, NY 11501


SEYBERT, District Judge:

          In October and November of 2006, Christopher Sterden

("Plaintiff") commenced these two actions against Nassau County,

New York, police officers.  On September 8, 2009, Magistrate Judge

Lindsay recommended that Plaintiff's pending cases be dismissed for

failure to prosecute.  For the reasons stated below, the Court

adopts Magistrate Lindsay's Report in its entirely and DISMISSES Plaintiff's action.

## DISCUSSION

In both <u>Sterden v. Officer Levine, et al.</u>, No. 06-CV-5938, and <u>Sterden v. Officer Aquila</u>, No. 06-CV-6025, Judge Lindsay ordered that Plaintiff submit a revised narrative statement, exhibit list, and witness list by March 10, 2008. Plaintiff failed to do so in either case. Judge Lindsay thereafter issued an Order directing Plaintiff to show cause as to why Judge Linsday should not recommend that the cases be dismissed for failure to prosecute. Copies of the Order to Show Cause were returned to the Court as undeliverable.

Plaintiff has not responded to Judge Lindsay's Orders and has not communicated with the Court whatsoever since November of 2007. Judge Lindsay recommends that the Court dismiss Plaintiff's actions pursuant to Federal Rule of Civil Procedure 41(b) because Plaintiff failed to respond to the Court's Orders, failed to inform the Court of his current address, and failed to prosecute his case.

Pursuant to Rule 72 of the Federal Rule of Civil Procedure, any objections to the Report were to be filed with the Clerk of the Court within ten days of service of the Report. The time for filing objections has expired and no party has objected.

The Second Circuit has held that district courts dismissing a plaintiff's complaint for failure to prosecute must

first consider: "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, 222 F.3d 52, 63 (2d Cir. N.Y. 2000).

Here, the Court notes that it has been nearly two years since Plaintiff last contacted the Court. Plaintiff has been given numerous opportunities to prosecute his case, yet he has failed to do so. "Prejudice to [D]efendants resulting from [Plaintiff's] unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). Plaintiff had a duty to apprise the Court of his updated contact information and to respond to the Court's Order. Because Plaintiff failed to meet that duty, and has long delayed in prosecuting his cases, the Court finds that Plaintiff's actions, or lack thereof, warrant dismissal of Plaintiff's Complaints. See Boyd v. City of New York, No. 05-CV-5747, 2008 U.S. Dist. LEXIS 32671, at *2 (E.D.N.Y. Apr. 21, 2008) (dismissing pro se plaintiff's case for failure to prosecute); Oparaji v. N.Y. City Dep't of Educ., No. 02-CV-3900, 2006 U.S. Dist. LEXIS 56481, at *4 n.1 (E.D.N.Y. July 19, 2006) ("It is

3

well-established that a district court may, as here, exercise its discretion and even sua sponte dismiss an action for failure to prosecute.").

Accordingly, the Court adopts Magistrate Judge Lindsay's recommendation and dismisses Plaintiff's cases for failure to prosecute.

<u>CONCLUSION</u>

For the reasons stated above, the Court ADOPTS Magistrate Judge Lindsay's Report and Recommendation in its entirety, and DISMISSES Plaintiff's actions with prejudice. The Clerk of the Court is directed to mark <u>Sterden v. Officer Levine, et al.</u>, No. 06-CV-5938, and <u>Sterden v. Officer Aquila</u>, No. 06-CV-6025 as closed.

SO ORDERED

<u>/s/ JOANNA SEYBERT    </u>
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          October  9 , 2009